IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT U. STORY,  )
    Petitioner,  )
                                )
    v.  )   Civil Action No. 08-1682
                                )
HON. JUDGE DAUER, et al.,  )
    Respondents.  )

Memorandum Opinion and Order

Mitchell, M.J.:

Robert U. Story has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a viable basis for appeal exists, a certificate of appealability will be denied.

Story was convicted in 1989 of prostitution and related offenses, corruption of minors and simple assault at No. 1422 of 1989, in the Court of Common Pleas of Allegheny County, Pennsylvania, and was sentenced on August 24, 1989 to a two to five year period of imprisonment to be followed by a period of parole.[1] After a series of parole violations the petitioner reached his maximum sentence on January 20, 1999.[2] Thereafter, the petitioner was reentered into the correctional system on a totally unrelated offense in 2004.[3]

---

[1] See: Petition at ¶ 1-3.

[2] See: Exhibit 1 to the answer of the Commonwealth at p.9.

[3] See: Answer of the Commonwealth at ¶ 6.

1

It would appear that the petitioner is not challenging his 1989 conviction but rather the collateral consequences of that conviction imposed by Pennsylvania Megan's Law, 42 Pa.C.S. 9795.1(a). As applied to him, the latter provides that the petitioner register as a sexual offender for a period of ten years. This he acknowledged on September 6, 1996.[4] Thus, while his obligation to register should have expired in 2006, that obligation continues through January 9, 2011 due to his repeated periods of noncompliance throughout the original time period.[5] It is this obligation which Story seeks to challenge here.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

For purposes of implementing this statute, the term "in custody" as been interpreted not to include the requirement for registration as a sexual predator. Leslie v. Randle. 296 F.3d 518 (6th Cir.2002); McNab v. Kok, 170 F.3d 1246 (9th Cir.1999); Davis v. Nassau County, 524 F.Supp.2d 182 (E.D.N.Y. 2007). Thus, there is no basis for considering the petition here.

However, even if this were not the case the petition would be subject to dismissal for failure to raise the appropriate challenges in the courts of the Commonwealth.

Section 2254 represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations

---

[4] See: Exhibit 2 to the answer of the Commonwealth.

[5] See: Exhibit 4 to the answer of the Commonwealth.

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the

3

state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, no such showing has been made. Additionally, we note that as recently as September 19, 2008, Story complied with the registration requirement, and is not subject to any collateral consequences for violating that requirement.[6]

We also observe that it is provided in 42 U.S.C. 1983 that;

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

If in fact, Story is challenging the conditions imposed upon him rather than his sentence or its implementation, the matter might be considered as one arising under § 1983. Leamer v. Fauver, 288 F.3d 532 (3d Cir.2002). However, the Megan's law registration requirement has sustained constitutional muster. Com.v. Askew, 910 A.2d 624 (Pa.Super.2006) allocatur denied 919 A.2d 954 (2007). See also: Partway v. Attorney General, 81 F.3d 1235 (3d Cir.1996). For this reason, Story is not being deprived of any rights assured to him.

---

[6] See: Exhibit 3 to the answer of the Commonwealth.

Thus, because there is no basis for granting relief here, the petition of Robert Story for a writ of habeas corpus will be dismissed and because no reasonable jurist could conclude that a basis for appeal exists, a certificate of appealability will be entered.

An appropriate Order will be entered.

ORDER

AND NOW, this 18th day of February, 2008 for the reasons set forth in the foregoing Memorandum, the petition of Robert U. Story for a writ of habeas corpus is dismissed and a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge